**JACKSON LEWIS P.C.**
Eileen K. Keefe (PA No. 93194)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
Eileen.keefe@jacksonlewis.com
*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW WILKINS, on behalf of himself and all others similarly situated, | Hon. Kearney, U.S.D.J. |
| Plaintiff, | Docket No.: 2:24-cv-01952 |
| v. | |
| STEVEN MADDEN, Ltd. | |
| Defendant. | |

### <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant, Steven Madden Ltd. ("Steve Madden"), respectfully moves to dismiss the Complaint of Plaintiff, Andrew Wilkins, for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  This Court lacks subject matter jurisdiction to entertain this matter as Plaintiff lacks Article III standing to sue Steve Madden as he has failed to articulate a sufficiently concrete and particularized injury and as he has failed to establish that the injury would be redressed by judicial relief.  Plaintiff has failed to state a claim upon which relief may be granted as the law is clear that website are not places of public accommodation subject to Title III of the Americans with Disabilities Act ("ADA").  For these reasons and the arguments set forth herein, Steve Madden respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## STATEMENT OF FACTS

Plaintiff states that he is "a blind, visually-impaired handicapped person" and that "on [sic] or around November 2023", he visited Steve Madden's website, https://www.stevemadden.com (the "Website"), using Voice Over screen reading software.  Compl. (Docket No. 1) ¶¶ 6, 17, 20. Plaintiff claims that he was "denied access similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation." *Id.* at ¶ 21. Plaintiff also alleges that "as a result of visiting the website, Plaintiff is aware that Defendants' [sic] website includes multiple barriers making it impossible for himself, and any other visually impaired or blind person from enjoying access to the website's content equally to that of a sighted user." *Id.* at ¶ 22.  Plaintiff claims that "many features on the website fail to accurately describe the contents of graphical images, fail to properly label title, fails [sic] to distinguish one page from another, contains [sic] multiple broken links, contains [sic] headings that do not describe the topic or purpose, and contains [sic] text that is not read." *Id.* at ¶ 23.  Plaintiff further alleges that "these access barriers effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do" and "the access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and have caused the Plaintiff real harm." *Id.* at ¶¶ 24, 27.  Plaintiff seeks "damages, fees, costs, and injunctive relief."[1]  *Id*. at ¶ 30.

Also notable is what Plaintiff has not included in the Complaint.  Plaintiff has not asserted that he attempted to make any purchases, let alone identified any specific item that he was precluded from buying, as a result of any barriers on the Website.  Indeed, Plaintiff has not even

---

[1] Under Title III of the ADA, "[b]esides attorney's fees, the only remedy available to a private litigant is injunctive relief." *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757, 757 (3d Cir. 2015) (citing 42 U.S.C. § 12188(a)). Monetary damages are not available under Title III of the ADA.

asserted that he could not access any information on the Website.  Instead, Plaintiff's Complaint is completely vague as to his intent with respect to the Website. Plaintiff also has not set forth any further allegations regarding the impact of the alleged barriers to access on the Website, the alleged harm the barriers caused him, his intent to return to the Website or to visit any physical location owned or operated by Steve Madden, a nexus between the Website and any physical location owned or operated by Steve Madden, or any alleged barriers associated with any physical location owned or operated by Steve Madden.

## LAW AND ARGUMENT

Article III of the United States Constitution limits the exercise of judicial power to cases and controversies. *Mahoney v. Waldameer Park, Inc*., 2021 U.S. Dist. LEXIS 60477, *4-5 (E.D.Pa. 2021) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013); *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed.")). The case-or-controversy requirement demands that plaintiffs "establish that they have standing to sue." *Id.* (quoting *Clapper*, 568 U.S. at 408 (citing *Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997))).

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of standing because "[s]tanding is a jurisdictional matter." *Id.* (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). To demonstrate Article III standing, a plaintiff must establish: (1) he suffered injury-in-fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). To establish injury-in-fact, a plaintiff must allege facts showing "an injury that is concrete, particularized, and

imminent rather than conjectural or hypothetical." *Trump v. New York,* 141 S. Ct. 530, 535, 208 L. Ed. 2d 365 (2020) (quoting *Carney v. Adams*, 141 S. Ct. 493, 499, 208 L. Ed. 2d 305 (2020)); *see also Bognet v. Sec'y Pennsylvania*, 980 F.3d 336, 348 (3d Cir. 2020) (explaining a plaintiff "must be injured . . . in a way that concretely impacts [his] own protected legal interests").

Under Title III of the ADA, "[b]esides attorney's fees, the only remedy available to a private litigant is injunctive relief." *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757, 757 (3d Cir. 2015) (citing 42 U.S.C. § 12188(a)). "To establish Article III standing to seek an injunction, a plaintiff must demonstrate a 'real or immediate threat that the plaintiff will be wronged again— a likelihood of substantial and immediate irreparable injury.'" *Id.* (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)); see also *Pryor v. NCAA*, 288 F.3d 548, 561 (3d Cir. 2002) ("In cases where a plaintiff seeks injunctive or declaratory relief only . . . standing will not lie if adjudication . . . rests upon contingent future events that may not occur as anticipated or indeed may not occur at all.") (internal quotations and citation omitted). "Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by 'continuing, present adverse effects." *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 160 (3d Cir. 2006) (quoting *Lyons*, 461 U.S. at 102)). Additionally, "[a] plaintiff's 'some day' intentions to return to the source of the illegal conduct, without any description of concrete plans, does not support a finding of 'actual or imminent' injury." *La. Counseling & Family Servs., Inc. v. Mt. Fuji Japanese Rest.*, 2014 U.S. Dist. LEXIS 31132 (D.N.J. Mar. 11, 2014), aff'd sub nom. *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015) (citing *Lujan*, 504 U.S. at 564).

While the Third Circuit Court of Appeals "has not directly addressed the contours of the injury in fact requirement in ADA cases . . . district courts within this Circuit have used two methods to determine whether a plaintiff has suffered an injury in fact: (1) the intent to return

method or (2) the deterrent effect method." *Walker v. Sam's Oyster House, LLC*, 2018 U.S. Dist. LEXIS 158439 (E.D. Pa. 2018).

The intent to return method requires the following: (1) the plaintiff to allege that the defendant engaged in past discriminatory conduct that violates the ADA; (2) allegations sufficient to support a reasonable inference that the discriminatory conduct will continue; and (3) allegations sufficient to support a reasonable inference, based on past patronage, proximity of the public accommodation to the plaintiff's home, business, or personal connections to the area, that the plaintiff intends to return to the public accommodation in the future. *Garner v. VIST Bank*, 2013 U.S. Dist. LEXIS 179480 (E.D. Pa. 2013). To satisfy the deterrent effect test, a plaintiff must plead that (1) he has actual knowledge of barriers preventing equal access; and (2) he would use the facility if not for the barriers. *Hollinger v. Reading Health Sys.*, 2016 U.S. Dist. LEXIS 91393 (E.D. Pa. 2016).

Plaintiff cannot satisfy either test for multiple reasons, including that he has not alleged any concrete harm, he has not set forth any allegations indicating that he would return to the Website in the future, and he has not alleged that he would return to the Website if not for the alleged barriers. Plaintiff's vague description of the alleged barriers on the Website does not equal a description of harm. Plaintiff has utterly failed to set forth any facts regarding his alleged visit to the Website, such as any information he was seeking or items he wanted to purchase. It is axiomatic that without identifying a reason for the visit to the Website or a particular barrier that he encountered, Plaintiff cannot identify any specific or concrete harm that he has experienced as a result of his alleged visit to the Website. Indeed, he has not even attempted to do so. Similarly, Plaintiff has not articulated any desire or plan to return to the Website at any point in the future. Plaintiff's failure to demonstrate harm by either the intent to return or the deterrent effect test is

fatal to his claim.  This omission precludes Plaintiff from establishing that he has standing to bring this lawsuit, and Plaintiff's claim must be dismissed.

Moreover, Third Circuit precedent limits "public accommodations" to physical places. *See, e.g., Ford v. Schering-Plough Corp.,* 145 F.3d 601, 612 (3d Cir. 1998).  Other courts in this District have held that websites are not by themselves public accommodations under the ADA. *See, e.g., Mahoney v. Waldameer Park, Inc*., 2021 U.S. Dist. LEXIS 60477, *11 (E.D. Pa. 2021); *Mahoney v. Herr Foods, Inc.*, 2020 U.S. Dist. LEXIS 72333 (E.D. Pa. 2020); *Mahoney v. Bittrex, Inc.,* 2020 U.S. Dist. LEXIS 5746 (E.D. Pa. 2020); *Walker*, 2018 U.S. Dist. LEXIS 158439.

Therefore, the Website itself is not a place of public accommodation.  As noted above, Plaintiff has not made any allegations whatsoever regarding any physical locations owned or operated by Steve Madden.[2]   A website can only be a public accommodation under Title III of the ADA when "at the very least" the injury "shares some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." *Mahoney v. Bittrex, Inc*., 2020 U.S. Dist. LEXIS 5746, *5-6 (citing *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998)) (citing *Ford*, 145 F.3d at 613); *see, e.g., James v. GEICO Ins. Co.*, 2016 U.S. Dist. LEXIS 193472 (E.D. Pa. 2016)).  Therefore, a plaintiff must allege an injury suffered in relation to the physical place of public accommodation in order to state a claim under Title III of the ADA. *Id.* (citing *Walker*, 2018 U.S. Dist. LEXIS 158439.  Here, Plaintiff has not satisfied the Third Circuit's nexus requirement as **he has not even mentioned a physical location owned or operated by Steve Madden**, let alone that the alleged barriers on the Website precluded him from

---

[2] While this omission most accurately demonstrates a failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), it is intertwined with a lack of standing pursuant to Fed. R. Civ. P. 12(b)(1); as such, Steve Madden will address these components together. *Mahoney,* 2021 U.S. Dist. LEXIS60477, at *7 (holding that plaintiff lacked standing to bring claims under Title III of the ADA where plaintiff failed to allege a real and immediate threat of future injury ***with respect to a physical location***) (citing *Walker*, 2018 U.S. Dist. LEXIS 158439) (same); *Hollinger v. Reading Health System*, 2017 U.S. Dist. LEXIS 12871 (E.D. Pa. 2017) (same).

accessing a physical location.  This is yet another reason that Plaintiff's Complaint warrants dismissal.

In *Walker*, 2018 U.S. Dist. LEXIS 158439, *5-6, the Eastern District of Pennsylvania addressed a lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) and a failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  In granting the defendant's motion to dismiss, the *Walker* court held that "a mere inability to access information on the [defendant's] [w]ebsite, without more, is not cognizable under the ADA as a matter of law," and that "while plaintiff avers that his inability to access the [w]ebsite information prevented him from going to the restaurant in question, he has not plead a concrete and particularized injury in fact necessary for Article III standing—he has not plead that, had he been able to access the [w]ebsite, he would have traveled to the restaurant for a meal." *Id.* at *6.

The *Walker* court also held that the plaintiff did not satisfy the third part of the intent to return test. Although the plaintiff stated that, because of the barriers on the website, he was unable to find the location, hours, and phone number of the restaurant, plaintiff failed to allege that he intended to go to the restaurant or even desired to go to defendant's restaurant.  While the *Walker* plaintiff alleged that he "intended to browse Defendant's menus, location, hours, and phone number on the [w]ebsite, but was unable to successfully do so," because the "place of public accommodation" is defendant's restaurant, not the website, the *Walker* court dismissed the Complaint. *Id.* at *9.  Notably, the allegations in *Walker* are far more particularized than those of the present matter, and they still fell short to establish standing or that the plaintiff had stated a claim upon which relief may be granted.

In the present matter, the sum total of Plaintiff's allegations regarding the impact he has suffered as a result of the alleged barriers on the Website is his singular, conclusory statement that

"the access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and have caused the Plaintiff real harm." Compl. ¶ 27. This bare bones recitation of the element of "harm" does not pass muster. Plaintiff has not alleged any injury at all, let alone one that is specific, concrete, and imminent nor has he identified an injury with respect to a physical location as opposed to a virtual one. Plaintiff has also failed to allege that he has any intention to return to the website or a physical location, or that he would do so but for the alleged barriers on the website. The impact of the omissions in Plaintiff's Complaint cannot be overstated. He has utterly failed to meet either test regarding standing, and he has also failed to state a claim pursuant to Title III of the ADA with respect to a physical place of public accommodation. Plaintiff's Complaint falls far short of establishing standing or stating a claim in every possible way; as such, dismissal of this Complaint is warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant, Steven Madden, Ltd., respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

**JACKSON LEWIS, P.C.**

*/s/ Eileen K. Keefe*
Eileen K. Keefe (PA No. 93194)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
Eileen.keefe@jacksonlewis.com

*Attorney for Defendant*

Dated: May 15, 2024

8

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on May 15, 2024, the foregoing was served on the following via the Court's ECF system:

**Zemel Law LLC**
Daniel Zemel, Esquire (PA No.: 330086)
400 Sylvan Avenue, Ste. 200
Englewood Cliffs, NJ 07632

<u>/s/Eileen K. Keefe</u>
Eileen K. Keefe

4861-1068-4605, v. 2
4861-1068-4605, v. 2