# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDREW WILKINS | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 24-1952 |
| | : | |
| STEVEN MADDEN, LTD | : | |

## ORDER

**AND NOW**, this 16th day of June 2024, upon considering Plaintiff Andrew Wilkins's Notice of Voluntary Dismissal (ECF No. 8) without representing a settlement required for dismissal under Local Rule 41.1(b), it is **ORDERED**:

1. This action is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i);[1] and,

2. The Clerk of Court shall **close** this case.

KEARNEY, J.

---

[1] Plaintiff filed a "Notice of Dismissal" (ECF No. 8) in response to our June 14, 2024 Order directing Plaintiff to either file an amended Complaint or show cause why we should not dismiss his complaint for failure to prosecute (ECF No. 7). Plaintiff's Notice dismissed his claims without prejudice by invoking Local Rule of Civil Procedure 41.1(b).

But we have no basis to find the Local Rule applies. Local Rule 41.1(b) provides: "Whenever in any civil action counsel shall notify the deputy clerk or the judge to whom the action is assigned *that the issues between the parties have been settled*, the deputy clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for good cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)." (emphasis added). Local Rule 41.1(b) by its terms applies to settlements. Neither party advised us of a settlement in this matter making Local Rule 41.1(b) inapplicable. *See Raab v. City of Ocean City, New Jersey*, 833

F.3d 286, 295 n. 5 (3d Cir. 2016) (explaining the District of New Jersey Local Rule 41.1(b), similar to the Eastern District's Local Rule 41.1(b), "supplements" Federal Rule 41(a), "to create a procedure for attorneys to notify the court when a case settles as soon as possible so that the Court will not waste further effort on the case and so that it can readjust its calendar") (citation omitted)).

Absent settlement, Plaintiff's Notice is governed by Federal Rule of Civil Procedure 41(a)(1)(A)(i) allowing him to voluntarily dismiss his action without court order before Defendant "serves either an answer or motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Defendant Steven Madden, Ltd. did not answer or move for summary judgment. Voluntary dismissal under Rule 41(a)(1)(A)(i) is by notice, not a motion, with "automatic" effect. *In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Unless the notice states otherwise, dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).